UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN DALE CARSON,

        Petitioner,

v.

JASON BENNETT,

        Respondent.

Case No. C24-5536-JNW-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Petitioner Kevin Carson is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington, pursuant to a judgment and sentence entered in Clark County Superior Court case number 18-1-02757-8. (*See* dkt. # 4 at 1.) He has filed a petition for writ of habeas corpus seeking relief from that judgment and sentence. (*Id.*) Though Petitioner presented his petition as one filed under 28 U.S.C. § 2241, the Court has construed the petition as one filed under 28 U.S.C. § 2254. (*See* dkt. # 7 at 2 (citing *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004) ("[Section] 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]")).) The petition has not been served on Respondent. After careful review of the petition, and the balance of the record, this Court concludes that Petitioner's federal habeas petition should be dismissed.

REPORT AND RECOMMENDATION
PAGE - 1

## II. DISCUSSION

The Court received Petitioner's federal habeas petition for filing on July 2, 2024. (*See* dkt. # 1.) Petitioner asserted therein that his current custody is unlawful because the statute under which he was sentenced is unconstitutional. (*See* dkt. ## 4, 4-1.) More specifically, Petitioner claimed that he had received an indeterminate life sentence in accordance with the provisions of RCW 9.94A.507, which authorized "a board" to increase his mandatory minimum term of confinement, and that this constituted a violation of his Sixth Amendment right to a jury trial.[1] (*See id.*)

After reviewing the petition, this Court determined that there were barriers to Petitioner proceeding with this federal habeas action. Thus, on July 19, 2024, this Court issued an Order directing Petitioner to show cause why this action should not be dismissed. (Dkt. # 7.) The Court first observed that Petitioner had not satisfied the exhaustion requirement of 28 U.S.C. § 2254(b). The Court noted that Petitioner made clear in his petition he had not presented his federal habeas claim to any state appellate court for review, and the Court explained that Petitioner's failure to present his claim to the state courts rendered his claim unexhausted and ineligible for federal habeas review. (*See id.* at 2.)

The Court next observed that even if Petitioner were able to satisfy the exhaustion requirement, it appeared his petition was likely time barred under 28 U.S.C. § 2244(d). The Court noted that: (1) a one-year statute of limitations applies to federal habeas petitions, and the limitation period generally starts to run from the date of the conclusion of direct review or the

---

[1] In his materials, Petitioner cites to both RCW 9.94A.507 and RCW 9.94A.712. (*See* dkt. ## 4, 4-1.) The manner in which Petitioner references these statutes is somewhat confusing. The Court notes for purposes of clarification that RCW 9.94A.712 was recodified as 9.94A.507 by Laws 2008, Ch. 231, § 56, effective August 1, 2009.

REPORT AND RECOMMENDATION
PAGE - 2

time for seeking such review, whichever is later; (2) a mandate terminating direct review of Petitioner's judgment and sentence was issued on December 22, 2021; and (3) Petitioner did not sign his federal habeas petition until July 2, 2024, approximately two and a half years after direct review of his conviction concluded and, thus, approximately one and a half years after it appears the statute of limitations expired.

Petitioner was directed to file a response to the Order to Show Cause within thirty days and was advised that his failure to timely respond would result in a recommendation that this action be dismissed. To date, Petitioner has filed no response to the Court's Order. Because Petitioner makes no showing that he presented his proposed ground for federal habeas relief to the state courts for review, his claim is unexhausted and ineligible for federal habeas review at this time. Petitioner also fails to demonstrate that his petition was timely filed under 28 U.S.C. § 2244(d)(1).

### III.    CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition (dkt. # 4) and this action be DISMISSED without prejudice.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that Petitioner is not

entitled to a certificate of appealability in this matter. This Court therefore recommends that a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 17, 2024**.

DATED this 27th day of August, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4