UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN D. CARSON, | CASE NO. 3:24-cv-05536-JNW |
| Petitioner, | ORDER |
| v. | |
| JASON BENNETT, | |
| Respondent. | |

## 1. INTRODUCTION

The Court reconsiders its October 11th Order, Dkt. No. 30, on its own accord. The Court also considers the eight, separate motions for relief from judgment filed by Petitioner Kevin Carson. Dkt. Nos. 31, 34, 35, 37, 40, 42, 43, and 45. After considering the record and the relevant law, the Court is fully informed and denies the motions.

## 2. BACKGROUND

On October 3, 2024, the Court adopted the Report and Recommendation ("R&R") of Magistrate Judge Michelle L. Peterson. The R&R recommended dismissing Petitioner Carson's case. Before recommending dismissal, Judge

ORDER - 1

Peterson gave Carson an opportunity to show cause why his case should not be dismissed for (1) failure to exhaust state-court remedies as required by 28 U.S.C. § 2254, or (2) failure to comply with the applicable one-year statute of limitations. *See* Dkt. No. 7.

The day the R&R issued, Carson filed a pleading titled "Supplemental Authority," Dkt. No. 16, that was not responsive to Judge Peterson's Order to Show Cause, Dkt. No. 7, or the R&R, Dkt. No. 15. The Court found that the filing could not be construed as an objection to the R&R. Dkt. No. 21 at 2. Because no party objected to the R&R and because the Court found that there were no clear errors, the Court adopted the R&R. *Id.*

Carson filed a notice of appeal and a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). *See* Dkt. No. 26. The Court denied Carson's motion for relief from judgment on procedural grounds. *See* Dkt. No. 30. Upon review, however, the Court concludes that it must reconsider that motion and decide it on the merits. Thus, the Court reconsiders its order at Dkt. No. 30 and considers Carson's motion at Dkt. No. 26 on the merits in addition to his eight other pending motions for relief from judgment pursuant to Rule 60(b)(4).

### 3. DISCUSSION

Under Rule 60(b)(4)—the rule that Carson invokes—a final judgment is void "only if the court that considered it lacked jurisdiction . . . or acted in a manner inconsistent with due process." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999). Given its duty to construe pro se pleadings liberally, the Court also construes Carson's pending motions as motions for relief under Rule 60(b)(6). *See Bennett v.*

*Bennett*, Case No. C24-0272-JLR, 2024 WL 3316438, at *2 (W.D. Wash. July 5, 2024) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 528 n.1 (2005) (finding the substance of the petitioner's motion made it clear that he requested relief under Rule 60(b)(6))). Rule 60(b)(6) allows the district court to relieve a party from final judgment for any justifiable reason. Fed. R. Civ. P. 60(b)(6). But the party seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" that "justify the reopening of a final judgment." *Bennett*, 2024 WL 3316438, at *2 (quoting *Gonzalez*, 545 U.S. at 535 (internal quotes omitted)).

The Court considers and rejects Carson's arguments, beginning with his contention that the Court violated the Federal Magistrates Act by failing to review various issues de novo. *See* Dkt. Nos. 31 at 1, 34 at 1, 35 at 1, 40 at 1, 42 at 1, 43 at 1 (each motion cites *Gomez v. United States*, 490 U.S. 858, 864–69, n.28 (1989); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009)). "The Federal Magistrates Act, 28 U.S.C. §§ 631–39, governs the jurisdiction and authority of federal magistrates." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1118 (9th Cir. 2003). The Act expressly empowers magistrate judges to submit reports and recommendations to district court judges on "applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement." 28 U.S.C. § 636(b)(1)(B).

The Federal Magistrates Act only requires a district court to review an R&R de novo when a party objects to the R&R. 28 U.S.C. § 636(b)(1) (Courts must review de novo any "portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."); *see also Reyna-Tapia*,

328 F.3d at 1121 (clarifying that the Federal Magistrates Act dictates when the district court must conduct de novo review). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *Reyna-Tapia*, 328 F.3d at 1121 (emphasis in original) (citing *Peretz v. United States*, 501 U.S. 923, 937–939 (1991) (holding that de novo review is not required unless requested.)). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct" by waiving objection. *Id.*

Carson did not object to the R&R. *See* Dkt. No. 21 at 2; *see generally* Dkt. Having received no objections, the Court was not required to review de novo the issues resolved by the R&R. *See* 28 U.S.C. § 636(b)(1); *see also Reyna-Tapia*, 328 F.3d at 1121. Carson cites to Rule 8(b) of the Rules Governing Section 2254 Cases and Section 2255 Proceedings in support of his argument. *See* Dkt. Nos. 31 at 1, 34 at 1, 35 at 1, 40 at 1, 42 at 1, 43 at 1. That rule reiterates that magistrate judges may hold evidentiary hearings; it does not support Carson's claim that de novo review was required in this instance. Ultimately, Carson's standard-of-review argument is incorrect and does not entitle him to relief under Rule 60(b)(4) or (b)(6).

Next, Carson repeatedly maintains that the Court "fail[ed] to apply Supreme Court precedent in the determination of the Fourth Amendment." Dkt. Nos. 31 at 2, 34 at 2, 35 at 2, 40 at 2, 42 at 2, 43 at 2 (each motion cites *Williams v. Taylor*, 529 U.S. 362 (2000)). Neither the Order to Show cause nor the R&R analyzed Fourth Amendment issues. *See* Dkt. Nos. 7, 15. As Carson's Fourth Amendment argument

is irrelevant to the dismissal of his case, it does not provide a basis for relief under Rule 60(b)(4) or (b)(6).

Turning to Carson's motion at Dkt. No. 37, the Court finds that it is nearly identical to his motion at Dkt. No. 26. In each, Carson maintains that he filed his petition under 28 U.S.C. § 2241 and that the Court incorrectly "interpreted and recharacterized . . . [it] as a 28 U.S.C. § 2254 petition subjecting him to the restrictions of 28 U.S.C. § 2244(b)." Dkt. Nos. 26 at 2, 37 at 2. But as Judge Peterson aptly reasoned, "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." Dkt. No. 7 at 2 (quoting *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc)). Thus, the petition for writ of habeas corpus was properly construed as a § 2254 petition rather than a § 2241 petition. And while Carson suggests that he did not have an opportunity to explain this point or to withdraw his petition, *see* Dkt. No. 37 at 2, that is incorrect. Carson had the opportunity to respond to Judge Peterson's Order to Show Cause and to object to the R&R, but he did neither. *See* Dkt. No. 21 at 2; *see generally* Dkt.

Next, the Court considers Carson's motion at Dkt. No. 45, in which he argues that he should not be forced to pay the $5.00 filing fee in this case due to his indigency. *See* Dkt. No. 45 at 2. But because the Court granted Carson in forma pauperis status, he was not required to pay the filing fee. *See* Dkt. No. 3 ("The Clerk is directed to file Petitioner's Petition for writ of habeas corpus without the prepayment of fees."); Dkt. No. 4 (Petition); *see generally* Dkt. (showing no district

court filing fee imposed or paid). Carson also argues that "the PLRA [Prison Litigation Reform Act] does not apply to 28 U.S.C. § 2241 and § 2254" habeas petitions. *See* Dkt. No. 45 at 2 (citing *Skinner v. Wiley*, 355 F.3d 1293, 1294 (11th Cir. 2004); *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2.d Cir. 2001); *Walker v. O'Brien*, 216 F.3d 626, 634, 639 (7th Cir. 2000)). But the Court did not apply the PLRA here. *See* Dkt. Nos. 7 (Order to Show Cause), 15 (R&R), 21 (Order Adopting R&R). Accordingly, the motion at Dkt. No. 45 does not state grounds for relief under Rule 60(b)(4) or (b)(6).

Finally, each of Carson's motions requests a certificate of appealability. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court finds that Carson has shown neither and is therefore not entitled to a certificate of appealability in this matter.

ORDER - 6

# 4. CONCLUSION

Accordingly, the Court ORDERS:

- The Court RECONSIDERS its Order at Dkt. No. 30, which denied Carson's motion at Dkt. Nos. 26 on procedural grounds. It considers Carson's motion at Dkt. No. 26 on the merits.
- The Court DENIES Carson's Motions at Dkt. Nos. 26, 31, 34, 35, 37, 40, 42, 43, and 45.
- The Court DENIES Carson's requests for a Certificate of Appealability.

Dated this 9th day of December, 2024.

Jamal N. Whitehead
United States District Judge